No. 8222.

### Bunting et al. *v.* Heilman.

PRACTICE.—*Promissory Note.—Alteration.—Interest.—Collateral Facts.— Evidence.—Argument.*—Where notes in payment for a threshing machine were to be written "with 10 per cent. interest," and the question before the jury was whether or not the note sued on had been altered after its execution by inserting the figures "10" between "with" and "per cent. interest," making the note draw ten instead of six per cent. interest, the trial court did not err in holding that an agent's promise to pay defendants for time lost while waiting for the machine was immaterial, nor in requiring their counsel to refrain from commenting upon it in argument. The rule is that collateral facts should be excluded. The agent's promise to pay the defendants for lost time was purely collateral to the fact in issue, and was therefore immaterial.

From the Knox Circuit Court.

*G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellants.

*F. W. Viehe* and *R. G. Evans*, for appellee.

MORRIS, C.—The appellee sued appellants upon a promissory note for $625. There were three paragraphs of the complaint, but, as the case was tried upon the first, we need not notice the others.

The appellants answered in three paragraphs: First, the general denial; second, admitting the execution of the note, but averring that it had been altered by the appellee or his agent, by writing the word "ten" therein before the words "per cent. interest," so that the note called for ten instead of six per cent. interest. The third paragraph was in answer to the third paragraph of the complaint, and alleged payment. The second paragraph of the answer was verified by the appellant Samuel S. Bunting. The case was put at issue by a reply in denial of the several paragraphs of the answer. The cause was submitted to a jury for trial; verdict and judgment for the appellee.

The appellants filed their written motion for a new trial; the court overruled the motion, and the appellants excepted. The error assigned is, that the court below erred in overruling the appellants' motion for a new trial.

The reason urged for a new trial, and upon which the appellants rely, is thus stated by their counsel:

"The error which is relied upon is the action of the court in directing appellants' counsel to refrain from commenting upon the testimony given, relating to a promise made by the appellee to pay appellants for their time and trouble in coming from their homes to Vincennes so often for the machine, and in striking this testimony out of the cause."

It appeared from the testimony of Thomas S. Bunting, one of the appellants, and other witnesses, that he, in behalf of himself and one of his co-defendants, contracted with the agent of the appellee for the purchase of a threshing machine, to be delivered at Vincennes on the 3d of July, 1877, for the sum of $1,250, to be paid, one-half in three and one-half in fifteen months, with ten per cent. interest,

for which notes were to be given, signed by the purchasers, and the other appellants as sureties. The machine did not arrive at the time fixed for delivery, the purchasers called at the place of delivery several times, and were put to some trouble. They complained of the delay, and threatened to buy a machine of one Heberd. The agent of the appellee asked them to wait a day or two longer, and promised to pay them for their trouble. They agreed to do so, and the next day the machine arrived, and the purchasers accepted it. No change in the contract was made, nor was anything said upon the subject. The notes agreed to be executed were sent, some time after the machine had been delivered, to the defendants to be executed; they were signed and returned to the agent. The appellants testified that the last of the notes, the one in suit, had been altered after its execution, by inserting the number 10 between the word "with" and the words "per cent. interest," so as to make the note draw ten, instead of six, per cent. The agent of the appellee and the person who filled up the notes testified that the number 10 was in the note when signed by the makers, and that it had not been altered.

In the argument of the cause, the counsel for the appellants stated to the jury that "it was necessary for them to find, among other things, whether the figures 10 were in the note when it was signed by defendants, and that, in coming to a conclusion upon that point, it was proper for them to consider the fact that on the morning of the 6th of July, 1877, or thereabouts, the plaintiff by his agent, Cosby, who had the notes drawn up, promised to pay the defendants for their time and trouble, as testified by Thomas S. Bunting, and that the jury might, from the testimony of said Bunting, conclude that there was a good and sufficient reason for the blank being left in the note, grounded, as the promise was, upon the consideration that they would not buy a machine from Heberd, and it being an easy and convenient way of

paying the defendants for their time and trouble." Upon objection being made to this argument, the court held it to be improper, remarking, in the presence of the jury, that what had been testified to by the witness Bunting, as to what Cosby had said in relation to paying the defendants for their time and trouble, was immaterial, and the court then directed counsel to abstain from further remarks upon the subject. This ruling of the court is all that is complained of by the appellants.

The question before the jury was, whether or not the note sued on had been altered after its execution. If the statement of the appellee's agent, Cosby, that he would pay the appellants for the time they had lost, because of the non-delivery of the machine for which the note was given, at the time agreed upon, could have any legitimate bearing upon the question at issue, then the court erred in not allowing counsel to comment upon it, and in remarking, in the presence of the jury, that the evidence was immaterial.

The agreement between the appellee and the appellants was, that the notes should bear ten per cent. interest. This agreement was never changed or modified. The agent, so far as appears from the testimony, had no authority to change it, and he never did. The agent had promised to pay the appellants for their lost time, but he never intimated to them that he had paid them, by the omission of ten per cent. interest in the note in suit, or otherwise; nor did it occur to the appellants that they had been so paid. In view of these facts, the omission of the agent, if such was the fact, to fill up the note so as to draw ten per cent. interest, in accordance with the contract, would not justify, nor logically tend to justify, the inference that the interest was omitted in discharge of his promise to pay the appellants for lost time. The promise of Cosby to pay the appellants for lost time was purely collateral to the fact in issue, and was therefore

immaterial. The rule is, that collateral facts should be excluded. 1 Greenleaf Evidence, sec. 52.

We think the court did not err in holding that the promise of Cosby to pay the appellants for their lost time was immaterial, nor in requiring the appellants' counsel to refrain from commenting upon it.

The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the costs of the appellants.